Eartha L. BLUITT

v.

EVAL COMPANY OF AMERICA, INC., d/b/a Evalca.

Civil Action No. G–97–692.

United States District Court, S.D. Texas, Galveston Division.

May 4, 1998.

Lonica Busch Poindexter, Steven C. Meisgeier, P.C., Houston, TX, for Plaintiff.

Barbara L. Johnson, Wickliff & Hall, Houston, TX, for Defendants.

## ORDER DENYING SUMMARY JUDGMENT

KENT, District Judge.

In this action, Plaintiff Eartha L. Bluitt asserts claims against her former employer under the Texas Worker's Compensation Act, Tex. Lab.Code § 451.001 *et seq.*, and the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* Bluitt filed the instant action on November 14, 1997, in the 129th Judicial District Court of Harris County, Texas. Defendant removed the action to this Court on December 10, 1997 on the basis of federal question jurisdiction under 28 U.S.C. § 1331. Defendant also asserted a counterclaim against Bluitt for breach of contract. Now before the Court is Defendant's Motion for Summary Judgment, filed April 1, 1998. For the reasons set forth below, the Motion is DENIED.

## I. FACTUAL BACKGROUND

Defendant Eval Company of America ("EVALCA") manufactures plastic barrier resins at its plant in Pasadena, Texas. Bluitt was employed at EVALCA's Pasadena plant as a laboratory technician until November 16, 1995, when she was terminated by EVALCA after she failed to report to work because of alleged serious health problems. EVALCA claims the termination was due to continued dissatisfaction with her performance, while Bluitt claims that the termination was in retaliation for a previous lawsuit she filed against EVALCA. In this lawsuit, Bluitt claims that EVALCA violated the FMLA because she was not advised of her rights under the FMLA prior to her termination.

Prior to Bluitt's termination, she and five other EVALCA employees filed a lawsuit in this Court against their employer, alleging hostile work environment sexual harassment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq. See Wallace et al. v. EVAL Company of America, Inc. et al.,* Civil Action No. 94–CV–592. On the day of the scheduled trial, the parties to that action agreed on the record to work out a mutually agreeable settlement, and the case was administratively closed pending settlement on August 16, 1995. Bluitt signed a "Settlement Agreement and General Release" (the "Release") on December 1, 1995, and the case was ultimately dismissed with prejudice as to Bluitt on January 17, 1996.

In the Release, Bluitt agreed to dismiss all of her claims in the *Wallace* case, and also agreed to:

hereby irrevocably and unconditionally release and forever discharge[ ] EVALCA ... from all charges, complaints, claims, demands, liabilities, obligations, actions and causes of action of any kind or nature, including for attorneys' fees, interest, expenses and costs actually occurred, that exist or have accrued as of the date of this Agreement, whether known or unknown, suspected or unsuspected, ... arising out of or relating to the Civil Action or Bluitt's employment with EVALCA.

Bluitt received and accepted payment in exchange for the Release, which she has not returned. Defendant now claims, predictably, that Bluitt cannot assert the instant claims because they have been released for valuable consideration, and that Bluitt has breached the Release by filing this action.

## II. ANALYSIS

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56. Rule 56(e) requires that when a motion for summary judgment is made, the nonmoving party must set forth set forth specific facts showing that there is a genuine issue for trial. *Id.; see Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The mere existence

of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment. *Anderson,* 477 U.S. at 247–48, 106 S.Ct. at 2510. If the evidence is such that a reasonable fact-finder could find in favor of the nonmoving party, summary judgment should not be granted. *Id.; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

Pursuant to the FMLA, the Secretary of Labor issued the following regulation: "Employees cannot waive, nor may employers induce employees to waive, their rights under FMLA. For example, employees … cannot 'trade off' the right to take FMLA leave against some other benefit offered by the employer." 29 C.F.R. § 825.220(d). On its face, this regulation seems to clearly rebut EVALCA's allegations that Bluitt has waived her right to bring this lawsuit. EVALCA, however, claims that the promulgated regulation is "arbitrary and manifestly contrary to" the FMLA, and asks this Court to find it invalid.

The scope of judicial review of administrative findings and regulations is governed by the Supreme Court's decision in *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). *Chevron* set out a two-pronged test for reviewing an agency's interpretation of a statute:

> First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress. If, however, the court determines Congress has not directly addressed the precise question at issue, the court does not simply impose its own construction on the statute, as would be necessary in the absence of an administrative interpretation. Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute.

*Id.* at 842–43, 104 S.Ct. at 2781–82 (citations omitted).

First, EVALCA claims, under step one of the *Chevron* analysis, "it is easily determined that Congress has not spoken on the issue of the waiver of FMLA claims." Section 105 of the FMLA states: "It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615. This provides strong, albeit not definitive, support for the Secretary of Labor's prohibition on waivers of FMLA rights.

Even presuming that Congress has not spoken on the waiver issue, however, section 105 provides enough support to convince the Court that the agency's regulation is "based on a permissible construction" of the FMLA. EVALCA argues that the regulation is an impermissible construction of the FMLA because Congress provided specific waiver mechanisms in other statutes addressing employment issues, *e.g.* the Fair Labor Standards Act, 29 U.S.C. § 216(c), and the Age Discrimination in Employment Act, 29 U.S.C. § 626(f). EVALCA argues that "[a]lthough Congress clearly knows how to include language to limit the waiver of claims under the employment statutes it enacts," its failure to do so in the FMLA "evidences an intent not to limit waiver."

The Court finds EVALCA's argument interpreting Congressional intent to be extremely weak. For this Court to find that the regulation is invalid, it would have to find strong indications that Congress intended to allow FMLA waivers. Such strong Congressional intent is not to be deduced from Congressional silence. *See Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.,* 511 U.S. 164, 114 S.Ct. 1439, 128 L.Ed.2d 119 (1994) (casting considerable doubt on Congressional silence as a method of statutory construction). That Congress failed to provide specific waiver mechanisms in the FMLA is an insufficient basis for the Court to declare the regulation to be an impermissible construction of the statute.

Therefore, under the analysis dictated by *Chevron*, the Court finds that the FMLA regulation prohibiting an employee's waiver of FMLA rights is valid. Plaintiff has thus succeeded in showing that a genuine issue of fact regarding the validity of the waiver exists. Therefore, summary judgment must be denied.[1]

### III. CONCLUSION

Accordingly, Defendants' Motion for Summary Judgment is hereby **DENIED**. The parties are **ORDERED** to bear their own costs and attorney's fees incurred herein to date. It is also **ORDERED** that the parties file nothing further regarding the issues addressed in this Order, including motions to reconsider and the like, unless supported by *compelling* new evidence not available at the time of the instant submissions. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled from the United States Court of Appeals for the Fifth Circuit, as may be appropriate in due course.

**IT IS SO ORDERED.**

---

1. Defendant also argues for summary judgment on the basis that Plaintiff has ratified the release by retaining the consideration. However, if FMLA claims are not waivable by agreement, then neither are they waivable by ratification. The regulation is clear that employees cannot waive their FMLA rights, and does not except waiver by ratification.